Filed 12/29/21  P. v. Kemp CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093443 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE003496) |
| v. | |
| JAMAL DIMITRUS KEMP, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jamal Dimitrus Kemp has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we find no arguable error that would result in an outcome more favorable to defendant and affirm the judgment.

## BACKGROUND

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

As J.B. was running away from defendant, defendant jumped out of a car and fired six shots at her. One of the shots hit J.B. in the foot. In recordings of jail phone calls, defendant then threatened to kill D.B. in an attempt to dissuade her from testifying as a witness against him as to his actions against J.B. Defendant also had previously been convicted for assault with a semiautomatic firearm. (Pen. Code, § 245.)[1]

Defendant pleaded no contest to attempted murder (§ 664/187, subd. (a)) and dissuading a witness (§ 136.1, subd. (b)(2)). He also admitted the allegation he personally used a firearm (§ 12022.53, subd. (b)) in committing the attempted murder and had sustained a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12). The parties agreed the remaining counts and allegations would be dismissed, two with a *Harvey*[2] waiver.

In accordance with the plea agreement, the trial court sentenced defendant to an aggregate term of 26 years in prison, as follows: the midterm of seven years on the attempted murder count, doubled pursuant to the strike, plus 10 years on the firearm enhancement, and a consecutive one-year term, doubled pursuant to the strike, on the dissuading a witness count. The trial court also dismissed the remaining counts and allegations. The trial court awarded defendant 742 days of presentence custody credit. Without objection, the trial court ordered defendant pay the statutory minimum fines and fees: a $300 restitution fine (§ 1202.4, subd. (b)) and a corresponding identical $300 parole revocation fine, stayed pending revocation of parole (§ 1202.45). The court also imposed a $80 court operations fee (§ 1465.8), and a $60 criminal conviction assessment (Gov. Code, § 70373).

Defendant did not obtain a certificate of probable cause.

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts of the case and asks us to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed and we have received no such communication from defendant.

We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


  /s/
HOCH, J.



We concur:



  /s/
RAYE, P. J.



  /s/
DUARTE, J.


3